FILED

AUG 3 0 2012

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    ] Case No. 12-52706-ASW
                                         ]
SILICON VALLEY INNOVATION COMPANY,       ] Chapter 11
                                         ]
            Debtor.                      ]
_____]

MEMORANDUM DECISION GRANTING CREDITOR
CHRISTIAN JAGODZINSKI'S MOTION TO TRANSFER VENUE

Creditor Christian Jagodzinski (hereafter "Creditor") moves to dismiss the bankruptcy case of debtor Silicon Valley Innovation Company, LLC (hereafter "Debtor") pursuant to 11 U.S.C. § 1112(b) and 11 U.S.C. § 305(a) or, alternatively, to dismiss or transfer the case due to improper venue. Debtor also moves to convert its Chapter 11 case to a Chapter 7 case. Attorney Mike C. Buckley represents Creditor, and attorney Stephen Benda represents Debtor. For the reasons explained below, the Court grants Creditor's motion to transfer the case to the United States Bankruptcy Court for District of Delaware due to improper venue in the Northern District of California. The Court defers ruling on Creditor's motion to dismiss pursuant to § 1112(b) and § 305(a) and on Debtor's motion

to convert to a Chapter 7 case so that a properly venued court may hear and decide those motions.

I. Facts

Based on declarations, deposition testimony, Debtor's Schedules and Statement of Financial Affairs, the admissions in pleadings, and the statements made at the July 12, 2012 hearing on these motions, the following facts relating to venue are undisputed.

Debtor is a limited liability company formed in Delaware. Although the Statement of Financial Affairs lists Debtor's prior address as 9781 Blue Larkspur Lane, Monterey, CA 93940, Debtor admits in the May 16, 2012 Declaration of its sole manager and employee, Riverson Leonard, that Debtor has not maintained any offices in any location for approximately a year. Debtor currently receives mail through Debtor's corporate counsel, Robert Lott, at an address in Palo Alto, California.

Debtor's primary asset is stock in Agiliance Inc., a Delaware corporation with headquarters in Sunnyvale, California. Debtor values the stock at $1,666,667.00. Although Debtor's Schedule B lists a number of other items of personal property, the only other Schedule B item with a listed value is a note from Peder Jungck, who resides in San Mateo County, California. The note is payable to Debtor for $551,000.00. Debtor's Schedule B states that the note is "in debtor's possession," but does not explain where "debtor," or the note itself, are located.

Debtor's only employee, Mr. Leonard, lives in Florida. Debtor's Statement of Financial Affairs lists a Sarasota, Florida

2

address for Debtor's accountant, Stephen Musco, who has prepared financial statements and tax returns for Debtor since 2004. Additionally, ten of the creditors holding the twenty largest unsecured claims have Florida addresses. The claims of the Florida creditors total approximately $2.7 million. Only four of the top twenty creditors have addresses within the Northern District of California. The claims of the Northern District of California creditors total approximately $1.4 million. Mr. Jagodzinski, the creditor who now moves for dismissal, has a Florida address.

II. Discussion

The party moving to change venue bears the burden of proving by a preponderance of the evidence that venue is improper. In re Dunmore Homes, Inc., 380 B.R. 663, 671 (Bankr. S.D.N.Y. 2008). In Chapter 11 cases, 28 U.S.C. § 1408 determines venue. Section 1408 provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district —
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408.

Section 1408(1) applies to the case at hand (and § 1408(2) is inapplicable) because there are no other related bankruptcy cases

pending. Under § 1408(1), Debtor's bankruptcy case is only properly venued in the Northern District of California if Debtor's domicile, residence, principal place of business in the United States, or principal assets in the United States have been located in this district within the one-hundred-eighty-day period prior to filing for bankruptcy. Venue is appropriate in this district if any one of the listed bases for venue exists. See In re Dunmore, 380 B.R. at 670 ("The statute is written in the disjunctive making venue proper in any of the listed locations.").

Creditor argues that venue is improper in the Northern District of California and should be transferred to the District of Delaware because Debtor is domiciled in Delaware; Debtor maintains no offices in California; Debtor's sole manager and employee lives in Florida and not California; and Debtor's primary asset is stock in a Delaware company. In response, Debtor argues that venue is proper here because Debtor's mail is sent to and processed in Palo Alto, California and because Debtor's primary asset is stock in a company that is headquartered in Sunnyvale, California. Palo Alto and Sunnyvale are within this district. Although Debtor apparently has ties to Florida, neither party has argued that venue should be transferred to Florida. For the reasons set forth below, the Court is persuaded that Debtor does not have the type of contacts in this district that are required by § 1408(1) for venue to be proper here.

A corporation's domicile is generally held to be the state of incorporation. See In re Dunmore, 380 B.R. at 670, 675-77 (holding that a corporation's state of incorporation is generally its domicile but transferring the case to the district where the

debtor's assets, management and creditors were located); <u>In re Innovative Communication Co.</u>, 358 B.R. 120, 125, 129 (Bankr. D. Del. 2006) (holding that venue was appropriate in Delaware, as two of the debtors were Delaware entities, but the interests of justice warranted a transfer); <u>but</u> <u>see</u> <u>In re J & L Plumbing & Heating, Inc.</u>, 186 B.R. 388, 390-91 (Bankr. E.D. Pa. 1995) (noting that there is split of authority and that some courts hold that "domicile" and "residence" only apply to individuals or have equated these terms with the debtor's "principal place of business," even though § 1408(1) expressly lists "principal place of business" as an alternative basis for venue). Debtor admits that Debtor was formed in Delaware; therefore, Debtor is domiciled in Delaware and domicile cannot serve as a basis for venue here.

The next statutory basis for venue is the location of a debtor's principal place of business. An entity's principal place of business is its "nerve center" or the place were significant business decisions are made. <u>See</u> <u>In re Peachtree Lane Associates, Ltd.</u>, 198 B.R. 272, 280-81 (Bankr. N.D. Ill. 1996) (deciding venue for a Chapter 11 debtor); <u>see</u> <u>also</u> <u>Hertz Corp. v. Friend</u>, -- U.S. --, --, 130 S.Ct. 1181, 1192 (2010) (holding in the diversity jurisdiction context that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

In the May 16, 2012, Leonard Declaration, Debtor admits it has not maintained offices for a year, and Debtor does not argue that Debtor maintained offices in the Northern District of California

any time in the one-hundred-eighty days prior to filing its bankruptcy petition on April 10, 2012. Instead, Debtor argues that Palo Alto, California is where Debtor's mail is processed, so that is Debtor's principal place of business. Debtor's argument is not persuasive because a mail processing location, alone, is not Debtor's "nerve center" or the place where Debtor makes significant business decisions. Debtor's principal place of business might be in Florida, where Debtor, through its sole manager and employee Leonard, makes significant business decisions. Regardless, Debtor's principal place of business is not located in the Northern District of California.

Nonetheless, Debtor's case may still be properly venued in the Northern District of California if Debtor's principal asset is located here. Debtor's principal asset is stock in Agiliance, which was incorporated in Delaware and which is headquartered in Sunnyvale, California. Debtor contends that the controlling authority on this issue is In re J & L Plumbing, 186 B.R. at 392, which holds that venue is proper in the district where a debtor's principal asset consisting of an account receivable was located. Debtor analogizes the Agiliance stock to an account receivable and says the stock is located in the Northern District of California because Agiliance has its headquarters here; however, the account receivable in In re J & L Plumbing was litigation in the district in which the debtor filed its Chapter 11 bankruptcy petition. Id. at 391. Debtor's analogy is tenuous, at best, because Agiliance stock is not a debt that Debtor is attempting to collect through litigation, but is an ownership interest in Agiliance that was created by the laws of the state of its incorporation, Delaware.

In contrast to Debtor's account receivable argument, courts have historically held that stock is located in the state that created the corporation. See <u>Jellenik v. Huron Copper-Mining Co.</u>, 177 U.S. 1, 13 (1900); <u>Rhode Island Hosp. Trust Co. v. Doughton</u>, 270 U.S. 69, 82 (1926). Stock can also be located where the owner of the stock is domiciled. See 18A AM. JUR. 2D <u>Corporations</u> § 358 (2012). Moreover, Delaware law provides that for "purposes of title, action, attachment, garnishment and jurisdiction of all courts held in this State, but not for the purpose of taxation, the situs of the ownership of the capital stock of all corporations existing under the laws of this State . . . shall be regarded as in this State." DEL. CODE ANN. tit. 8, § 169; <u>see</u> also <u>U.S. v. Stone</u>, 59 F.R.D. 260, 264 (D. Del. 1973), <u>and</u> <u>Castro v. ITT Corp.</u>, 598 A2d 674, 681 (Del. Ch. 1991).

Agiliance was incorporated in Delaware; therefore, according to the historical rule and Delaware law, the Agiliance stock is located in Delaware because Delaware created Agiliance and its stock. Even if the Agiliance stock is located in the domicile of the owner of stock – <u>i.e.</u>, Debtor -- the Agiliance stock would still be located in Delaware because Debtor is domiciled in Delaware, as explained above. Thus, Debtor's principal asset is not located in the Northern District of California but in Delaware.

Based on the foregoing, no grounds for venue of Debtor's case in the Northern District of California exist under § 1408. The Court now turns to the question of what to do with an improperly venued bankruptcy case.

Title 28 does not specifically set forth what a bankruptcy court should do with improperly venued bankruptcy cases, but the

majority of courts have held that 28 U.S.C. § 1406(a), which applies to improperly venued cases in district courts, governs bankruptcy cases as well. Thompson v. Greenwood, 507 F.3d 416, 418-19 (6th Cir. 2007), cert. denied, 555 U.S. 880 (2008) (adopting the majority view that § 1406 does apply to bankruptcy cases because bankruptcy courts are a unit of the district courts); see also In re Sorrells, 218 B.R. 580, 587-90 (B.A.P. 10th Cir. 1998) (holding that 11 U.S.C. § 1412, which provides for transfer of venue in bankruptcy cases for convenience or for the interest of justice, only applies to cases that are properly venued in the first instance and that "[i]f the case or proceeding is not [initially] 'filed' in the proper venue, defects in venue must be cured under section 1406(a) by requiring that the case be dismissed or transferred to the proper venue.").

Section 1406(a) explains that: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Furthermore, Federal Rule of Bankruptcy Procedure 1014(a)(2) states: "If a petition is filed in an improper district, the court . . . may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties."

Creditor has met his burden and has shown by a preponderance of the evidence that no basis for venue in the Northern District of California exists and that pursuant to § 1406(a) Debtor's bankruptcy case must either be dismissed or transferred to a district in which the case could have been brought, if the

interests of justice so require. Under § 1408, Debtor's case could have been brought in the District of Delaware because Debtor's domicile and primary asset are in Delaware. Therefore, the Court will consider whether the interest of justice requires that the case be transferred to the District of Delaware.

The interest of justice inquiry is broad and flexible and considers whether:

> (i) transfer would promote the economic and efficient administration of the bankruptcy estate; (ii) the interests of judicial economy would be served by the transfer; (iii) the parties would be able to receive a fair trial in each of the possible venues; (iv) either forum has an interest in having the controversy decided within its borders; (v) the enforceability of any judgment would be affected by the transfer; and (vi) the plaintiff's original choice of forum should be disturbed.

In re Dunmore, 380 B.R. at 670-71. The interests of justice require that Debtor's case be transferred instead of dismissed so that the proper court may decide both Creditor's motion to dismiss pursuant to § 1112(b) and § 305(a) and Debtor's motion to convert to a Chapter 7 case. Transfer will promote both the economic and efficient administration of the bankruptcy estate and judicial economy because transfer will allow these substantive motions to be heard quickly without Debtor having to file another bankruptcy petition in the correct court and without Creditor having to resubmit the motion to dismiss. Furthermore, there is no reason to believe that either party would receive less fair treatment in the District of Delaware. Moreover, Delaware has an interest in this case as Debtor is a Delaware limited liability company that owns stock in a Delaware corporation.

As a final matter, even if venue were proper in this district, transfer to the District of Delaware is warranted under 28 U.S.C.

§ 1412. Section 1412 provides that a bankruptcy court may transfer a properly venued Chapter 11 cases "to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; see also Thompson, 507 F.3d at 420 (stating that "the better interpretation is that § 1412 applies only to bankruptcy cases that are properly venued in the first instance; § 1406 applies to improperly venued cases.") Furthermore, Federal Rule of Bankruptcy Procedure 1014(a)(1) allows a bankruptcy court, upon a motion of a party in interest or the court's own motion, to transfer a properly venued case to another district if the transfer is in the interest of justice or for the convenience of the parties. As explained above, transfer of this case to the District of Delaware is in the interest of justice, whether the transfer be pursuant to § 1406 or § 1412.

For the foregoing reasons, Creditor's motion to transfer venue to the United States Bankruptcy Court for District of Delaware is granted. The Court defers ruling on both Creditor's motion to dismiss pursuant to § 1112(b) and § 305(a) and Debtor's motion to convert to a Chapter 7 case so that the United States Bankruptcy Court for the District of Delaware may hear them. Counsel for Creditor shall prepare an order transferring venue consistent with this Decision and submit it to the Court after service on Counsel for Debtor. The Status Conference Hearing scheduled for August 31, 2012 at 2:15 p.m. is hereby taken off calendar.

IT IS SO ORDERED.

Dated: 8/30/12

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

See attached Mailing Matrix.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0971-5<br>Case 12-52706<br>Northern District of California<br>San Jose<br>Mon Aug 27 14:58:22 PDT 2012 | Concorde Capital Partners, LLC<br>c/o W. Keith Fendrick<br>Holland & Knight LLP<br>100 N. Tampa St., Suite 4100<br>Tampa, FL 33602-3644 | Silicon Valley Innovation Company, LLC, a Ca<br>c/o Law Office of Robert Lott<br>530 Lytton Avenue, 2nd Floor<br>Palo Alto, CA 94301-1541 |
| U.S. Bankruptcy Court<br>280 South First Street<br>Room 3035<br>San Jose, CA 95113-3099 | Alex Hern<br>9461 Charleville Blvd #606<br>Beverly Hills CA 90212-3017 | Bryan Zielinski<br>345 East 69th St Apt 16E<br>New York NY 10021-5563 |
| Charles JeBailey<br>9223 Hidden Bay Ln<br>Orlando FL 32819-4859 | Christian Jagodzinski<br>81 Washington Avenue<br>Miami Beach FL 33139-7349 | Christian Jagodzinski<br>c/o J. Cory Falgowski<br>REED SMITH LLP<br>1201 Market Street, #1500<br>Wilmington, DE 19801-1163 |
| Christian Jagodzinski,<br>Reed Smith LLP<br>101 Second Street<br>Suite 1800<br>San Francisco, CA 94105-3659 | Concorde Capital Partners, LLC<br>c/o W. Keith Fendrick, Esq.<br>Holland & Knight LLP<br>100 N. Tampa St., Suite 4100<br>Tampa, FL 33602-3644 | Construction ETCO Inc<br>221 Octave-Cremazie<br>Boucherville Quebec Canada J4B 2N4 |
| Dennen Ragano PLLC<br>102 West Whiting St Ste 201<br>Tampa FL 33602-5114 | Donna Glass<br>47 Forrest Hills<br>Wheeling WV 26003-6645 | Dr Leslie Walsh<br>1633 Newcastle Ct<br>Rochester MI 48306-3679 |
| E Thom Rumerger Sr<br>9002 Eagles Ridge Dr<br>Tallahassee FL 32312-4045 | E. Thom Rumberger, Jr.<br>975 Page Mill Road<br>Palo Alto CA 94304-1013 | Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento, CA 95812-2952 |
| Frank Ioppolo Jr<br>3403 Foxmeadow Court<br>Longwood FL 32779-3190 | Frank S Ioppolo Sr<br>9101 Bay Point Dr<br>Orlando FL 32819-4804 | Gerald J Guarcini<br>1920 Shunk St<br>Philadelphia PA 19145-4219 |
| Internal Revenue Service<br>P O Box 7346<br>Philadelphia, P A 19101-7346 | J Chaney Mason<br>390 N Orange Ave Ste 2100<br>Orlando FL 32801-1967 | Joel D Maser<br>933 Brightwater Circle<br>Maitland FL 32751-4225 |
| John Boudet<br>2601 Middlesex Rd<br>Orlando FL 32803-1321 | John D Mantione<br>PMD 1722582 S Maquire Rd<br>Ocoee FL 34761 | John JeBailey<br>9584 Lavill Ln<br>Windermere FL 34786-8318 |
| John R Fields<br>1 Rockefeller Dr<br>Lake Forest IL 60045 | Joseph J JeBailey<br>1433 Lake Whitney Dr<br>Windermere FL 34786-6071 | L T Santa Monica One LLC<br>Ross Love Manager<br>11216 West Hillsborough #135<br>Tampa FL 33635-9719 |

| | | |
|---|---|---|
| Mary B Rumgberger<br>1820 Via Contessa<br>Winter Park FL 32789-1503 | Matthew Bigge<br>1911 N Fort Myer Dr<br>Suite 600<br>Arlington VA 22209-1603 | Michael A Zipser<br>1709 Morton Ave<br>Ann Arbor MI 48104-4521 |
| Michael J Sullivan<br>1331 Magnolia Bay Ct<br>Maitland FL 32751-6472 | Mike C. Buckley<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659 | Mohsen Afrasiabi<br>c/o John DiNapoli Esq<br>Ten Almaden Blvd<br>San Jose CA 95113-2226 |
| Musco & Company P A<br>1605 Main St Ste 900<br>Sarasota FL 34236-5862 | Musco & Company, P.A.<br>PO Box 2426<br>Sarasota FL 34230-2426 | Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 |
| Orlando Evora<br>1626 Spring Lake Dr<br>Orlando FL 32804-7110 | Peter Burkhardt<br>378 Anna Avenue<br>Mountain View CA 94043-4104 | R&S Fields Limited Partnership<br>111 N Orange Ave 20th Flr<br>Orlando FL 32801-2327 |
| REED SMITH LLP<br>1201 Market Street, #1500<br>Wilmington, DE 19801-1163 | Richard Glass<br>47 Forrest Hills<br>Wheeling WV 26003-6645 | Riverson S. Leonard<br>805 Harbor Drive<br>Belleair Beach FL 33786-3259 |
| Sandra C Gordon<br>637 Oak Hollow Way<br>Altamonte Spring FL 32714-1811 | Schifino Mangione & Steach PA<br>One Tampa City Cntr Ste 900<br>201 North Franklin Street<br>Tampa FL 33602-5182 | Shartise Friese LLP<br>Eighteenth Floor<br>San Francisco CA 941113 |
| Silicon Valley Investors I LLC<br>13014 North Dale Mabry Ste 356<br>Tampa FL 33618-2808 | Susannah Stokes<br>PO Box 5209<br>Key West FL 33045-5209 | T Michael Rosier et al<br>c/o PEO Professionals Inc<br>9957 Moorings Drive<br>Jacksonville FL 32257-2415 |
| Todd Rumberger<br>c/o Greenberg Traurig<br>1900 University Avenue<br>Palo Alto CA 94303-2212 | Tradepoint (Direx)<br>390 N Orange Ave Ste 2100<br>Orlando FL 32801-1642 | Triad Professional Services<br>Suite 1304<br>Alpharetta GA 30005 |
| Tucker Byrd<br>178 Ward Dr<br>Winter Park FL 32789-4054 | William Dunn<br>733 Clovelly Lane<br>Devon PA 19333-1808 | William McKinley<br>2850 Royal Isle Dr<br>Tallahassee FL 32312-4083 |
| William Pringle<br>1750 Tysons Blvd Ste 1200<br>Mc Lean VA 22102-4232 | c/o William J. Schifino, Jr., Esq.<br>Allyson L. Lazzara, Esq.<br>POB 380<br>Tampa, FL 33601-0380 | Christian Jagodzinski<br>Mike Buckley<br>Reed Smith LLP<br>101 Second Street<br>Suite 1800<br>San Francisco, CA 94105-3659 |

| | | |
|---|---|---|
| Robert Lott<br>530 Lytton Avenue, 2nd Floor<br>Palo Alto, CA 94301-1541 | Stephen Benda<br>Law Offices of Stephen Benda<br>750 Menlo Ave. #350<br>Menlo Park, CA 94025-4759 | End of Label Matrix<br>Mailable recipients 61<br>Bypassed recipients  0<br>Total               61 |